# LEONCIO ORTIZ, Plff.,

*v.*

# BULL-INSULAR LINE, Dft.

San Juan, Law, No. 1122.

ON MOTION TO AMEND THE ANSWER AND MOTION TO STRIKE THE ANSWER
FROM THE FILES.

Pleading—Amendment.
>    1. The lapse of time in moving for leave to amend an answer is
>    not an impediment to its being granted, provided the other party is
>    not injured thereby.

Default.
>    2. Where the plaintiff has waited until the defendant has moved
>    for leave to amend his answer, and then moves for a default, the
>    default will be denied, as he has been almost as negligent as the de-
>    fendant.

Opinion filed November 21, 1916.

*Mr. H. R. Francis* for plaintiff.

*Mr. F. H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

This matter comes up on the motion of the defendant for
leave to amend the answer by alleging that the defendant denies
the accident and death were caused by the negligence of the

Ortiz v. Bull-Insular Line.

superior officer or any other employee of the defendant. That seems to be the only matter in the way of an amendment. The previous amendment tendered, changing the allegation of the original answer as to the ownership of the vessel, is withdrawn by consent of counsel, and is not before me at all.

On the other side is a motion for default, which I understand is still pressed.

The rules of pleading involved seem to come up under the Code of Civil Procedure, §§ 118, 132, and 194.

1. In the first place, as to the lapse of time in seeking the amendment: As I understand it, delay does not make any legal difference unless there is involved some injury to the other party growing out of the lapse of time. The court does not try questions merely academic. Has there been any injury in this case to the plaintiff in the lapse of time growing out of the proposed amendment? I do not see any. On one view of the case the question of ownership might have been important, although I do not think it would be conclusive. The theory of the complaint seems to be negligence of the defendant or of some employee of the defendant, and that would seem to be true whether the defendant owned the boat or whether it was in charge of the unloading of the boat. If the defendant or its officer was negligent, it would not make a great deal of difference who owned the boat or who owned anything. It would be a question of negligence. But the question of ownership of the vessel is out of the case; so it need not be considered one way or the other. It does seem that there has been too great a delay in finding out the facts of the case, but that has not been to the injury of the plaintiff so far as I can see. On the argument it was stated that all the witnesses are still in Porto Rico.

Ortiz v. Bull-Insular Line.

If the case has been set, I will be glad to reset it at such time as the plaintiff may wish, so as to overcome any question of inconvenience on account of this new amendment. It does not seem, therefore, that the lapse of time has injured the plaintiff. I think I ought to take some cognizance of the lapse of time, however, so as to secure promptness in pleading, and I will grant the amendment, but impose costs up to the present upon the defendant. It looks to me as if a year is a rather long time to get the pleadings ready.

2. That being so, I shall have to refuse the motion for default. It would seem as to the default as if the plaintiff had been almost as negligent as the defendant so far as lapse of time is concerned. Not quite so much, but still a good deal of time has elapsed. It seems as if the question now simply is as to negligence, and that was the question when the complaint was filed. The amendment takes back an admission which might have saved the plaintiff some proof, but it is an amendment which could have been made on the trial to meet the proof, and it looks as if enough had been done when costs up to the present are charged against the defendant.

The amendment is allowed, with costs, and the motion for default is denied.